**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: EDWIN C. LICUP; CHRISTINE TRACY CASTRO,

*Debtors*.

---

EDWIN C. LICUP; CHRISTINE TRACY CASTRO,

*Defendants-Appellants*,

v.

JEFFERSON AVENUE TEMECULA LLC,

*Plaintiff-Appellee*.

No. 23-60017

BAP No. 22-1111

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Brand, and Spraker, Bankruptcy Judges, Presiding

Submitted March 8, 2024*
Pasadena, California

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed March 18, 2024

Before: Richard R. Clifton, Holly A. Thomas, and Roopali H. Desai, Circuit Judges.

Opinion by Judge H.A. Thomas


## SUMMARY**

### Bankruptcy

The panel affirmed the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's summary judgment in favor of a judgment creditor in the creditor's adversary proceeding against two Chapter 7 debtors.

The debtors' schedule of creditors listed an incorrect mailing address for the creditor's attorney, and the creditor did not file a claim in the bankruptcy case. In the adversary proceeding, the creditor sought a determination that its default judgment in an unlawful detainer case was not discharged by the Chapter 7 bankruptcy judgment because the creditor was never provided with notice of the bankruptcy. The bankruptcy court ruled that no portion of the unlawful detainer judgment was dischargeable.

Affirming, the panel held that the creditor had standing to file the adversary proceeding, and the creditor's standing to enforce the unlawful detainer judgment was not at issue


** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

21-90050-CL Filed 04/09/24 Entered 04/09/24 16:56:39 Doc 144 Pg



because it sought only a determination whether any debt held by it was nondischargeable.

The panel rejected, as foreclosed by the plain language of 11 U.S.C. § 523(a)(3)(A), the debtors' argument that all but $1,614.74 of the unlawful detainer judgment, the amount the creditor would have received had it timely filed a claim in the bankruptcy proceeding, was discharged as a result of that proceeding.

---

## COUNSEL

Timothy J. Walsh, Timothy J. Walsh Attorney at Law, Fairfield, California, for Appellant.

Allan D. Sarver, Law Offices of Alan D. Sarver, Encino, California, for Appellee.

---

## OPINION

H.A. THOMAS, Circuit Judge:

We answer in this appeal a question previously unresolved by our court: Is any portion of an unscheduled debt dischargeable in a Chapter 7 bankruptcy proceeding? We have jurisdiction over this appeal from the Bankruptcy Appellate Panel (BAP) pursuant to 28 U.S.C. § 158(d). For the reasons explained below, we conclude that, outside of a non-asset bankruptcy, a debtor's failure to properly schedule a debt renders that debt nondischargeable in its entirety.

**I.**

In December 2012, Jefferson Avenue Temecula LLC, the creditor in this action, filed an unlawful detainer suit against debtor Christine Tracy Castro. After Castro failed to appear in the suit, a default judgment was entered against her in January 2013. Although the caption of the judgment named "Christina Castro, D.D.S." as the defendant, a field in the body of the judgment form indicated that judgment was entered against "Christina Castro, LLC." The unlawful detainer judgment included, among other relief, a monetary award to Jefferson of $31,780.29.

On February 3, 2014, Castro and her spouse, Edwin C. Licup (who together are the appellants in this matter), filed for Chapter 7 bankruptcy relief. As required by 11 U.S.C. § 342(f), Castro and Licup submitted a schedule, or list, of their creditors, along with the creditors' mailing addresses. The schedule, however, provided an incorrect mailing address for Jefferson's attorney. Jefferson did not file a claim against Castro and Licup in the bankruptcy action. The bankruptcy case was closed on September 12, 2016. The debt owed to Jefferson was listed among the debts discharged.

On July 7, 2021, Jefferson initiated this proceeding. Jefferson sought a determination that its 2013 default judgment in the unlawful detainer case was not discharged by the Chapter 7 bankruptcy judgment because Jefferson was never provided with notice of the bankruptcy. Castro and Licup responded by filing a motion for summary judgment. They argued that the unlawful detainer judgment was nondischargeable only up to the amount that Jefferson would have received had it timely filed a claim during bankruptcy proceedings—an amount Castro and Licup

21-90050-CL Filed 04/09/24 Entered 04/09/24 16:56:39 Doc 144 Pg 5 of 9
Case: 23-60011, 03/18/2024, ID: 12870693, DktEntry: 34-1, Page 5 of 9



calculated at $1,614.74—and that the rest of the debt had been extinguished by the bankruptcy.

The bankruptcy court directed Castro and Licup to file briefs addressing why the court should not, on its own motion, grant Jefferson summary judgment in the entire amount of its claim. In response, Castro and Licup withdrew their first motion for summary judgment and filed two new motions for summary judgment. These motions argued, in part, that because the 2013 unlawful detainer judgment had named an LLC rather than Castro and Licup personally, Jefferson lacked standing to enforce it.

After suspending briefing on the two new summary judgment motions pending resolution of the first, the bankruptcy court sua sponte granted summary judgment to Jefferson. The bankruptcy court found that no portion of the 2013 unlawful detainer judgment was dischargeable because Jefferson had undisputedly received no notice of Castro and Licup's bankruptcy. The court declined to address Castro and Licup's contention that the unlawful detainer judgment was not enforceable against them, advising Castro and Licup to raise any defenses against Jefferson's collection efforts in "another forum with proper jurisdiction."

Castro and Licup appealed to the BAP, which affirmed the bankruptcy court. The BAP rejected Castro and Licup's argument that most of their debt to Jefferson was dischargeable, explaining that the Bankruptcy Code did not permit partial discharge of the unlawful detainer judgment in the manner Castro and Licup sought. The BAP also declined to consider the argument that the unlawful detainer judgment could not be enforced against Castro and Licup, noting that the bankruptcy court had not addressed this issue

21-90050-CL Filed 04/09/24 Entered 04/09/24 16:56:39 Doc 144 Pg



and that Castro and Licup could raise their enforceability arguments in state court. This appeal followed.

**II.**

"We review BAP decisions *de novo*, applying 'the same standard of review that the BAP applied to the bankruptcy court's ruling.'" *In re Albert*, 998 F.3d 1088, 1091 (9th Cir. 2021) (quoting *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009)). "Whether a claim is nondischargeable presents mixed issues of law and fact and is reviewed de novo." *Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th Cir. 2008) (quoting *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002)).

**III.**

Castro and Licup renew before us their argument that Jefferson lacks standing to enforce the 2013 unlawful detainer judgment because that judgment named an LLC rather than Castro or Licup personally. But as the bankruptcy court explained, Jefferson, in the adversary proceeding that is the subject of this appeal, did not seek a judgment for the underlying debt or seek to enforce the 2013 unlawful detainer judgment already entered by the state court. The only material issue before the bankruptcy court was whether any debt held by Jefferson—whom Castro and Licup attempted to schedule as a creditor—was nondischargeable. The court concluded that it was.

Against whom that state court judgment can be collected is a matter of state law and interpretation of the prior state court judgment. Those issues are properly resolved by the state court, not by the bankruptcy court or by us; we therefore do not address them. Because it is conceded that Jefferson suffered an actual injury, and because a judgment of nondischargeability can redress that injury, Jefferson did

21-90050-CL Filed 04/09/24 Entered 04/09/24 16:56:39 Doc 144 Pg
Case: 23-55011, 03/18/2024, ID: 12869593, DktEntry: 34-1, Page 7 of 9



not lack standing to file this adversary proceeding. *See In re Tower Park Props., LLC*, 803 F.3d 450, 456–57 (9th Cir. 2015) (describing the requirements of bankruptcy standing).

**IV.**

Castro and Licup argue that, even if Jefferson has standing to seek a judgment of nondischargeability, all but $1,614.74 of the judgment—the amount they contend Jefferson would have received had it timely filed a claim in the bankruptcy proceeding—was discharged as a result of that proceeding. They reason that Jefferson's recovery of the full $31,780.29 provided for in the unlawful detainer judgment would constitute a windfall, one possible only because Jefferson lacked proper notice of the bankruptcy filing. Castro and Licup also attempt to draw comparisons between their case and "non-asset" bankruptcy cases, in which we have held that a debtor's failure to notify a creditor does not render a debt nondischargeable. *In re Beezley*, 994 F.2d 1433 (9th Cir. 1993) (per curiam); *In re Nielsen*, 383 F.3d 922 (9th Cir. 2004). Their reasoning is flawed.

"In order for a debt to be duly listed" under the bankruptcy rules, "the debtor must state the name and address of the creditor." *In re Fauchier*, 71 B.R. 212, 215 (B.A.P. 9th Cir. 1987) (citing Fed. R. Bankr. P. 1007). As the BAP held in *Fauchier*, this rule is grounded in basic principles of due process: In the absence of such notice, a creditor may well be deprived of her right to have her day in court. *Id.* To ensure that a creditor has the opportunity to vindicate her property rights, the Bankruptcy Code generally makes a debt nondischargeable if the debt is "neither listed nor scheduled under [11 U.S.C. § 521(a)(1)] . . . in time to permit . . . timely filing of a proof of claim, unless such

creditor had notice or actual knowledge of the case in time for such timely filing." 11 U.S.C. § 523(a)(3)(A).

Castro and Licup do not contend that they correctly listed Jefferson's address. Nor do they argue that Jefferson had actual knowledge of their bankruptcy petition. The plain language of Section 523(a)(3)(A) therefore precludes the discharge of the unlawful detainer debt.

Castro and Licup nevertheless urge us to follow the reasoning of "non-asset" bankruptcy cases, such as *In re Beezley* and *In re Nielsen*. We explained in those cases that in a "no-assets, no-bar-date Chapter 7 bankruptcy,"[1] the bankruptcy rules do not require creditors to file any claims, as there are no assets to distribute. *In re Nielsen*, 383 F.3d at 926–27; Fed. R. Bankr. P. 2002(e). Section 523(a)(3)(A)'s protections are plainly irrelevant in such cases—creditors need not be notified of proceedings in which filing a claim would be "meaningless and worthless." *In re Nielsen*, 383 F.3d at 927. But those protections are relevant here, where Castro and Licup had assets to distribute, and their creditors were therefore required to file claims during the Chapter 7 bankruptcy proceedings. *See* Fed. R. Bankr. P. 3002(a).

Nor does Castro and Licup's policy argument regarding a potential "windfall" to Jefferson prevail. That Jefferson may stand to recover a greater amount than it would have had it been properly notified—$31,780.29 versus $1,614.74, by Castro and Licup's calculation—is of no moment. The Bankruptcy Code states plainly, and without qualification, that a bankruptcy court's order of discharge "does not

---

[1] The "bar date" is the deadline set by a bankruptcy court for filing a proof of claim. *See In re Beezley*, 994 F.2d at 1436 (O'Scannlain, J., concurring).

21-90050-CL Filed 04/09/24 Entered 04/09/24 16:56:39 Doc 144 Pg



discharge an individual debtor from any debt" if the creditor was not appropriately listed. 11 U.S.C. § 523(a). We decline to read into Section 523(a)(3)(A) a limitation that the statute does not contain.

The plain language of 11 U.S.C. § 523(a)(3)(A) makes the 2013 unlawful detainer judgment in favor of Jefferson nondischargeable in Castro and Licup's bankruptcy. The BAP's decision is therefore **AFFIRMED.**